UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAIL MEDEIROS; TRACY T. BOMBERGER; PETER MORRISSEY; and JULIE PULATIE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HSBC CARD SERVICES INC. and HSBC TECHNOLOGY AND SERVICES (USA) INC.,<br><br>Defendants. | Case No.: 14-CV-1786 JLS (MDD)<br><br>**ORDER GRANTING INTERVENORS' MOTION TO TRANSFER**<br><br>(ECF Nos. 20, 47) |

Presently before the Court are Plaintiffs' Unopposed[1] Motion for Preliminary Approval of Class Action Settlement (the "Settlement Motion," ECF No. 20) and Terry J. Fanning and Stefan O. Lindgren's ("Intervenors") Motion to Transfer (the "Motion to Transfer," ECF No. 47). Also before the Court are Intervenors' Opposition to Plaintiffs'

---

[1] Although Defendants did not oppose Plaintiffs' Settlement Motion at the time it was originally filed on July 7, 2015, on July 16, 2015 Intervenors filed a Motion for Leave to Intervene (ECF No. 25), in which they "s[ought] leave to intervene as plaintiffs in this action so they may move for transfer of this case . . . , or in the alternative, oppose preliminary approval of the proposed class action settlement" (ECF No. 25-1 at 6). After the Court granted Intervenors leave to intervene (ECF No. 45), Intervenors filed an Opposition to Plaintiffs' Settlement Motion on October 16, 2015 (ECF No. 49).

1

Settlement Motion (ECF No. 49), and Defendants HSBC Card Services Inc. and HSBC Technology & Services (USA) Inc.'s Response to (ECF No. 51), Plaintiffs' Response to (ECF No. 52), and Intervenors' Reply in Support of (ECF No. 54) Intervenors' Motion to Transfer.

The Court vacated the hearing on Plaintiffs' Settlement Motion on August 7, 2015. (ECF No. 42.) The Court similarly finds Intervenors' Motion to Transfer suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d)(1). The Court therefore **VACATES** the hearing on Intervenors' Motion to Transfer scheduled for December 10, 2015.

For the reasons that follow, the Court **GRANTS** Intervenors' Motion to Transfer (ECF No. 47) and **DENIES AS MOOT** Plaintiffs' Settlement Motion (ECF No. 20).

## BACKGROUND

On June 4, 2012, Intervenor Fanning filed a class action, captioned *Fanning et al. v. HSBC Card Services et al.*, C.D. Cal. Case No. 12-cv-0885 JVS (RNBx), in the Central District of California, alleging that Defendants violated California's Invasion of Privacy Act ("CIPA") by recording outbound telephone conversations to HSBC's credit card account holders without consent. (Intervenors' Mot. to Transfer Mem. 8,[2] ECF No. 47-1.) Since that time, Intervenor Fanning promptly began taking discovery and fourteen discovery conferences have been held with Magistrate Judge Robert N. Block. (*Id.*)

On July 18, 2014, Intervenor Lindgren filed the class action *Lindgren v. HSBC Card and Retails Services et al.*, C.D. Cal. Case No. 14-cv-05615 JVS (RNBx) in the Central District of California, alleging that HSBC had violated CIPA by recording cellular and confidential telephone conversations without consent. (*Id.* at 9.)

Meanwhile, Plaintiffs filed the Complaint in this action in this Court on July 29, 2014, alleging violations of CIPA. (Compl. 11–14, ECF No. 1.)

/ / /

---

[2] For ease of reference, all citations to docketed materials refer to the CM/ECF page numbers.

On August 11, 2014, the United States District Court for the Eastern District of Virginia transferred to the Central District of California a third-party subpoena enforcement action against Capitol One, *Fanning et al. v. HSBC Card Services, Inc. et al.*, C.D. Cal. Case No. 14-cv-1300 JVS (RNBx), which was also brought by Intervenor Fanning. (Intervenors' Mot. to Transfer Mem. 9, ECF No. 47-1.)

On November 10, 2014, U.S. District Court Judge James V. Selna consolidated the *Fanning* and *Lindgren* class actions and the *Fanning* subpoena enforcement action in the Central District, finding that all three had been brought on behalf of the same class. (*Id.*) Since those cases were filed, Judge Selna has decided several key substantive factual and legal disputes concerning CIPA as it applies to these cases, including two motions for summary judgment and a motion for sanctions for spoliation of evidence. (*Id.*) Defendants did not file a Notice of Pendency of Other Actions or Proceedings in *Fanning* and *Lindgren* pursuant to Central District of California Civil Local Rule 83-1.4.1 until May 13, 2015.

Meanwhile, in this Court, Plaintiffs filed an Amended Complaint in this action on November 21, 2014. (ECF No. 3.) On July 7, 2015, Plaintiffs filed their Settlement Motion. (ECF No. 20.) A few days later, on July 16, 2015, Intervenors filed a Motion to Intervene. (ECF No. 25.) On October 9, 2015, the Court granted Intervenors leave to intervene, finding that permissive intervention was warranted because the Central District cases and this action share common questions of law and fact, the Intervenors' motion was timely, and intervention would not unduly delay or prejudice Plaintiffs' and Defendants' rights. (ECF No. 45 at 20–22.) Intervenors have since filed the instant Motion to Transfer (ECF No. 47) and an Opposition to Plaintiffs' Settlement Motion (ECF No. 49).

After Plaintiffs filed their Settlement Motion, Intervenors also filed a Motion for Transfer and Coordination and/or Consolidation Pursuant to 28 U.S.C. § 1407 with the Judicial Panel on Multidistrict Litigation ("JPML"). ("JPML Motion to Transfer," ECF No. 30.) Following a hearing on October 1, 2015 (ECF No. 44 at 7), the JPML denied Intervenors' motion, "conclud[ing] that centralization is not necessary to serve the convenience of the parties and witnesses or further the just and efficient conduct of this

litigation" (ECF No. 46 at 1) because "voluntary cooperation and coordination among the parties and the two involved courts are preferable to formal centralization" (*id.* at 2).

## LEGAL STANDARD

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "[T]he purpose of this section is to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Cont'l Grain Co. v. Barge F.B.L.-585*, 364 U.S. 19, 26, 27 (1960)). Although Section 1404 was modeled after the doctrine of forum non conveniens, Congress "intended to permit courts to grant transfers upon a lesser showing of inconvenience" than what is required for a dismissal under forum non conveniens. *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955).

A motion to transfer venue lies within the broad discretion of the court and should be decided on "an 'individualized, case-by-case consideration of convenience and fairness.'" *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). The moving party bears the burden of establishing that the balance of conveniences weighs heavily in favor of transfer in order to overcome the strong presumption in favor of a plaintiff's choice of forum. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981). A transfer that merely shifts rather than eliminates inconvenience is inappropriate. *Van Dusen*, 376 U.S. at 645–46 ("Section 1404(a) provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient.").

The statute on its face has two requirements: (1) the district to which the defendant seeks to have the action transferred is one where the action "might have been brought," and (2) the transfer is "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). To satisfy the first requirement, the proposed alternate forum must have proper jurisdiction and be an appropriate venue. *See Van Dusen*, 376

U.S. at 616–17. If the first requirement is satisfied, the court may consider a variety of public and private interest factors. *Piper Aircraft Co.*, 454 U.S. at 241 & n.6, 255; *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

The Ninth Circuit has identified several public and private factors that a court may consider in evaluating whether transfer is appropriate, including:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones*, 211 F.3d at 498–99 (citing *Stewart Org.*, 487 U.S. at 29–31; *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987)). "In addition to the *Jones* factors, courts also consider the relative docket congestion of the current forum and the transferee district." *Costco Wholesale Corp. v. Liberty Mut. Ins. Co.*, 472 F. Supp. 2d 1183, 1196 (S.D. Cal. 2007); *see also Gates Learjet Corp v. Jensen*, 743 F.2d 1325, 1337 (9th Cir. 1984).

## ANALYSIS

Intervenors request that this Court transfer this case to the Central District of California pursuant to 28 U.S.C. § 1404(a). (Intervenors' Mot. to Transfer Mem. 5, 20, ECF No. 47-1.) Intervenors note that this case could have been filed in the Central District (*id.* at 12), litigation of this case in the Central District would be convenient (*id.* at 12–13), and the interests of justice weigh heavily in favor of transfer to the Central district because transferring this case would conserve judicial resources (*id.* at 13–19) and would not cause unnecessary delay (*id.* at 19–20).

Defendants "take no position" on the Motion to Transfer, but note that the JPML "explicitly rejected" the relief sought in the Intervenors' Motion to Transfer when it denied Intervenors' JPML Motion to Transfer. (Defs.' Resp. 2, ECF No. 51.) Defendants also

note that they "are certain that either court – this Court or the Central District – may properly address and rule on the pending motion for preliminary approval of class action settlement." (*Id.*) "Plaintiffs concur with Defendants' position." (Pls.' Resp. 2, ECF No. 52.) Consequently, "[n]either defendants . . . nor the Plaintiffs . . . dispute the substance of Intervenors' transfer motion." (Intervenors' Reply 2, ECF No. 54.)

Moreover, on balance, it appears to this Court upon consideration of the *Jones* factors that transfer is warranted "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404. The Court therefore **GRANTS** Intervenors' Motion to Transfer.

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Intervenors' Motion to Transfer (ECF No. 47) and **HEREBY TRANSFERS** this action to the Central District of California. Consequently, the Court **DENIES AS MOOT** Plaintiffs' Motion for Preliminary Approval of Class Action Settlement. (ECF No. 20.)

**IT IS SO ORDERED.**

Dated: November 23, 2015

Hon. Janis L. Sammartino
United States District Judge